**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| AMERICAN COMMERCIAL BANK &, TRUST, N.A., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:26-cv-00633 ) |
| MO' JACK, Hull Identification Number VHS42A3TF122, its engines, machinery, appurtenances, etc. (in rem); LUJO42 LLC, a Florida limited liability corporation; and ROSTISLAV BABEL, individually (in personam); | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**VERIFIED COMPLAINT TO FORECLOSE SHIP MORTGAGE (IN REM),
AND ENFORCEMENT OF SECURITY INTEREST AND DEBT (IN PERSONAM)**

Plaintiff, American Commercial Bank & Trust, N.A., by its attorneys, Robbins DiMonte, for its Verified Complaint to Foreclose Ship Mortgage (in rem), and Enforcement of Security Interest and Debt (in personam), states and alleges as follows:

**THE PARTIES**

1.      American Commercial Bank & Trust, N.A. ("ACB&T") is a national bank, having its principal place of business in Ottawa, Illinois.

2.      MO' JACK (Hull Identification Number VHS42A3TF122; Primary Vessel Number 1320553), its engines, machinery, appurtenances, dinghies, and tenders, etc., is a 41.60 foot, 2022 HCB (Hydrasports Custom Boats) motor yacht, and is a documented vessel with the U.S. Coast Guard (the "Vessel").

3.      The Vessel is currently located in a warehouse located at: Spring Brook Marine Group, 623 W. River Dr., Seneca, IL 61360 (ph. (815) 357-8666), which is within this court's jurisdiction.

4. LUJO42 LLC is a Florida Limited Liability Company, having its principal place of business in West Palm Beach, Florida.

5. Rostislav Babel ("Mr. Babel") is a natural person who is domiciled in, and is presently a resident of, Chicago, Illinois. Mr. Babel is the sole member of LUJO42 LLC.

## JURISDICTION AND VENUE

6. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. (Fed. R. Civ. P. 9(h)).

7. This court has original jurisdiction pursuant to 46 U.S.C § 31325.

8. The court additionally has jurisdiction pursuant to 28 U.S.C §§ 1331, 1333, and 1367 as to all claims.

9. Venue is proper because the Vessel is located in this District, and pursuant to 18 U.S.C § 1391, because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## GENERAL ALLEGATIONS

10. On September 30, 2021, LUJO42 LLC entered into a loan agreement with ACB&T in the principal amount of $975,000 pursuant to a Business Loan Agreement (the "Loan") and Promissory Note (the "Note"). (The Loan and Note are incorporated herein and attached hereto as **Exhibit A** and **Exhibit B**).

11. As security for the debt evidenced by the Loan and Note, LUJO42 LLC granted a Preferred Ship Mortgage on the Vessel to ACB&T, dated September 30, 2021 (the "Mortgage"). (The Mortgage is incorporated herein and attached hereto as **Exhibit C**).

12. Mr. Babel guaranteed full performance under the Loan, Note, and Mortgage pursuant to a Commercial Guaranty dated September 30, 2021 (the "Guarantee"). (The Guarantee

is incorporated herein and attached hereto as **Exhibit D**).

13.     Pursuant to the terms of the Note, LUJO42 LLC was obligated to make the following payments to ACB&T: (i) 83 monthly consecutive payments of $7,720.73 each, beginning October 30, 2021, with interest calculated on the unpaid principal balances using a rate of 4.950%; (ii) one principal payment of $75,000.00 on October 30, 2022, during which time interest continued to accrue on the unpaid principal balances at 4.950%; (iii) one principal payment of $75,000.00 on October 30, 2023, during which time interest continued to accrue on the unpaid principal balances at 4.950%; (iv) one principal payment of $75,000.00 on October 30, 2024, during which time interest continued to accrue on the unpaid principal balances at 4.950%; (v) one principal payment of $75,000.00 on October 30, 2025, during which time interest continued to accrue on the unpaid principal balances at 4.950%; (vi) one principal payment of $75,000.00 on October 30, 2026, during which time interest continued to accrue on the unpaid principal balances at 4.950%; (vii) one principal payment of $75,000.00 on October 30, 2027, during which time interest continued to accrue on the unpaid principal balances at 4.950%; and (viii) one principal payment of $81,080.39 on September 30, 2028, during which time interest continued to accrue on the unpaid principal balances at 4.950%.

14.     Pursuant to the Loan, Note, Mortgage, and Guaranty, LUJO42 LLC's failure to make any payment when due constitutes an event of default.

15.     LUJO42 LLC is in default for failure to make the required payments to ACB&T as of December 1, 2025.

16.     As a result of LUJO42 LLC's default under the Loan, Note, and Mortgage, all indebtedness immediately became due and payable and ACB&T was granted the right to take possession of the Vessel.

17.     Pursuant to page 3 of the Note, LUJO42 LLC is obligated to pay ACB&T's attorneys' fees, legal expenses, and court costs.

18.     LUJO42 LLC owes ACB&T as of the date of the foregoing calculations unpaid principal, interest, other charges, in addition to per diem interest accruing after the date of such calculations:

| | |
|---|---|
| Unpaid principal: | $542,090.82 |
| Interest: | $16,905.12 |
| Late Fees: | $6,317.18 |
| Other Fees (Processing Fee): | $125.00 |
| Prepayment Penalty (4%): | $21,683.63 |
| **Total:**<br>(excluding attorneys' fees, costs, and expenses) | **$587,121.75** |
| Per Diem: | $149.83 |
| Calculated through: | January 20, 2026 |

## CAUSES OF ACTION

### COUNT I:
### FORECLOSURE OF PREFERRED SHIP MORTGAGE
### PURSUANT TO 46 U.S.C. § 31325 AGAINST THE VESSEL (IN REM)

19.     ACB&T realleges and incorporates Paragraphs 1 through 18 above herein.

20.     The Mortgage debt is a valid preferred ship mortgage lien pursuant to the provisions of 46 U.S.C. § 31322.

21.     A preferred mortgage constitutes a lien on the mortgaged Vessel for the amount of outstanding mortgage indebtedness secured by the Vessel. 46 USCA § 31325(a).

22.     Upon default of any term of the preferred Mortgage, ACB&T is entitled to enforce the preferred mortgage lien. 46 USCA § 31325(b).

23.     ACB&T possesses a maritime lien against the Vessel, in rem, for any and all amounts that are or will be due and owing under the Loan and Note.

24.     ACB&T is entitled to foreclose its maritime lien to satisfy any and all obligations

arising under the Loan and Note.

WHEREFORE, American Commercial Bank & Trust, N.A. respectfully requests the entry of a judgment in its favor:

A.     Decreeing payment due by the Vessel, its engines, machinery, and appurtenances, etc., and each of the Defendants, of the following: (i) $542,090.82 in principal, plus $16,905.12 in interest through January 20, 2026, plus $6,317.18 in unpaid late charges, plus $21,683.63 in prepayment penalties, plus $125.00 in processing fees; plus per diem interest calculated after January 20, 2026 at a rate of $149.83, plus post-judgment per diem interest until paid; (ii) reasonable attorneys' fees and costs incurred through the date of judgment; (iii) the costs of this action including charges for all fees of the U.S. Marshal, for keepers and their costs incurred in this action, and for all expenses for the sale of the Vessel, its engines, machinery, and appurtenances, etc.;

B.     Adjudging American Commercial Bank & Trust, N.A. the holder of a first preferred ship mortgage on the Vessel, its engines, machinery, and appurtenances, etc., for the payment of sums due, including costs and attorneys' fees, and that the court declare the Mortgage lien to be superior to all other liens which may exist against the Vessel, its engines, machinery, and appurtenances, etc.;

C.     Granting the foreclosure of the Mortgage and ordering the Vessel, its engines, machinery, and appurtenances, etc. to be sold, separately and singly or together, by the U.S. Marshal and the proceeds of the sale applied and delivered to pay ACB&T's demands and claims in the amount and to the extent specified herein, together with costs and attorneys' fees, and that it be declared that any and all persons, firms or corporations claiming any interest in the Vessel, its engines, machinery, and appurtenances, etc., are forever barred and foreclosed of and from all

rights of equity or redemption or claim in and to the Vessel, its engines, machinery, and appurtenances, etc.;

D.     Issuing an in rem process in due form of the law against the Vessel, its engines, machinery, and appurtenances, etc.;

E.     Ordering that at the sale of the Vessel, its engines, machinery, and appurtenances, etc., by the U.S. Marshal, ACB&T be permitted to bid, without cash deposit, its judgment, accrued interest, costs and attorneys' fees, up to the full amount due and owed to ACB&T; and

F.     Awarding such other and further relief in favor of ACB&T as deemed equitable and just.

## COUNT II:

### BREACH OF NOTE (IN PERSONAM)

25.     ACB&T realleges and incorporates Paragraphs 1 through 24 above herein.

26.     ACB&T, as mortgagee, may pursue a civil action in personam in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment thereof. 46 U.S.C.A. § 31325(b)(2).

27.     LUJO42 LLC's failure to timely make the required payments to the Bank constitutes a material breach of the Loan, Note, and Mortgage.

28.     ACB&T performed all of its duties, obligations and conditions precedent required under the Loan, Note, and Mortgage, which have never been assigned, transferred or hypothecated to, or otherwise lawfully seized by, any person or entity.

29.     LUJO42 LLC is obligated to pay ACB&T all outstanding principal, past and future interest, all late charges, and all reasonable attorneys' fees and costs ACB&T has been forced to incur in relation to these proceedings.

WHEREFORE, American Commercial Bank & Trust, N.A. respectfully requests for the

entry of a judgment in its favor and against the Defendants in the amount of (i) $542,090.82 in principal, plus $16,905.12 in interest through January 20, 2026, plus $6,317.18 in unpaid late charges, plus $21,683.63 in prepayment penalties, plus $125.00 in processing fees; plus per diem interest calculated after January 20, 2026 at a rate of $149.83, plus post-judgment per diem interest until paid; (ii) reasonable attorneys' fees and costs incurred through the date of judgment; (iii) the costs of this action including charges for all fees of the U.S. Marshal, for keepers and their costs incurred in this action, and for all expenses for the sale of the Vessel, its engines, machinery, and appurtenances, etc.; and awarding such other and further relief in favor of ACB&T as deemed equitable and just.

## COUNT III:

## BREACH OF COMMERCIAL GUARANTY (IN PERSONAM)

30. ACB&T realleges and incorporates Paragraphs 1 through 29 above herein.

31. Pursuant to the Guaranty, Mr. Babel agreed to unconditionally guarantee LUJO42 LLC's obligations to ACB&T, including all payments of the Note, including interest, costs and other charges.

32. ACB&T has performed all of its duties, obligations and conditions precedent required under the Loan, Note, and Mortgage, which have never been assigned, transferred or hypothecated to, or otherwise lawfully seized by, any person or entity.

33. Mr. Babel is in default under the Guaranty because LUJO42 LLC failed to timely make the required payments to ACB&T under the Note.

34. As of January 20, 2026, the total outstanding balance due to ACB&T pursuant to the Loan, Note, and Mortgage (exclusive of attorneys' fees, costs and expenses) is $542,090.82 in principal, plus $16,905.12 in interest through January 20, 2026, plus $6,317.18 in unpaid late charges, plus $21,683.63 in prepayment penalties, plus $125.00 in processing fees; plus per diem

interest calculated after January 20, 2026 at a rate of $149.83.

35.     Additionally, Mr. Babel is obligated pursuant to page 3 of the Guaranty to pay reasonable attorneys' fees, costs, and expenses incurred by ACB&T enforcing the underlying loan documents and collecting amounts due thereunder.

WHEREFORE, American Commercial Bank & Trust, N.A. respectfully requests for the entry of a judgment in its favor and against Rostislav Babel in the amount of (i) $542,090.82 in principal, plus $16,905.12 in interest through January 20, 2026, plus $6,317.18 in unpaid late charges, plus $21,683.63 in prepayment penalties, plus $125.00 in processing fees; plus per diem interest calculated after January 20, 2026 at a rate of $149.83, plus post-judgment per diem interest until paid; (ii) reasonable attorneys' fees and costs incurred through the date of judgment; (iii) the costs of this action including charges for all fees of the U.S. Marshal, for keepers and their costs incurred in this action, and for all expenses for the sale of the Vessel, its engines, machinery, and appurtenances, etc.; and awarding such other and further relief in favor of ACB&T as deemed equitable and just.

> Respectfully Submitted,
> American Commercial Bank & Trust, N.A.
>
> */s/ Riccardo A. DiMonte*
> _____
> One of its attorneys

Riccardo A. DiMonte, ARDC# 6191706
Carolina Y. Sales, ARDC# 6287277
Dominic G. Erbacci, ARDC# 6329651
Robbins DiMonte
216 W. Higgins Road
Park Ridge, Illinois 60068
(847) 698-9600
rdimonte@robbinsdimonte.com
csales@robbinsdimonte.com
derbacci@robbinsdimonte.com

Docusign Envelope ID: 22F217AA-4CA8-4AEA-8653-9E40947213BE

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/20/2026
_____

Signed by:
F536AD83206E416...

James Bolman, Partner,
Commercial Banking