Batch #: 97809800 / Doc #: 25 / File Date: 10/13/2021 9:33:00 AM

# FIRST PREFERRED SHIP MORTGAGE

1320553

THIS PREFERRED SHIP MORTGAGE ON VESSEL Dated: «September 30, 2021»

On the whole of the vessel

Vessel Name: **MO' JACK** Amount of Mortgage: **$975,000.00**

Official Number:

Model Year: **2022** Make: **Hydrasports** Vessel Type: **Open**

Hull I.D. No. Or V.I.N: **VHS42A3TF122**

Is made by **LUJO42 LLC** ("Mortgagor(s)").
**3201 N Flager Dr**
**West Palm Beach, FL 33407**

And 100% Sole Owner(s) and granted to:
**American Commercial Bank & Trust, 701 LaSalle St, Ottawa, IL 61350** ("Mortgagee").
Its successors and assigns, and is being mortgaged to the Mortgagee to secure a Promissory Note and Security Agreement ("Note") dated «September 30, 2021» in the principal amount of «$975,000.00» payable to the order of the Mortgagee in the principal amount plus interest, due and payable in accordance with the terms and conditions set forth in the Note and Security Agreement (in which all parties liable for payment are included in the term "Borrower").

WHEREAS the Owner has agreed to give this Preferred Ship Mortgage as security for the Note, and has authorized the execution and delivery of this Mortgage to Mortgagee, NOW, THEREFORE, in consideration of the promises made herein, and for other valuable consideration, receipt of which is acknowledged, and to secure payment of the indebtedness, including interest, late charges and other sums that may become due to Mortgagee under the Note or any provision of this Mortgage, Owner mortgages and conveys to the Mortgagee, its successors and assigns, the vessel described above, and further described in the last issued Certificate of Documentation issued by the Secretary of Transportation for the said Vessel and included herein by the reference to the particulars above, together with all masts, boilers, cables, engines, machinery, bowsprits, sails, rigging, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "Vessel" herein, and said document(s) being deemed included herein by reference. The Mortgagee shall hold the Preferred Ship Mortgage on the Vessel until all terms and provision of the Mortgage and of the Note have been performed, and there are no amounts due the Mortgagee, at which time this Mortgage shall cease.

**COVENANTS OF THE OWNER / MORTGAGOR:**

1.) Owner is and shall continue to be a citizen of the United States entitled to own and operate the Vessel under her Certificate of Documentation, which Owner shall maintain in full force and effect. All action necessary for the execution, deliver and validity of this Mortgage and Note has been taken. Execution of this Mortgage by a person under a power of attorney to this Mortgage is binding as if executed by the party. If Owner is a corporation, limited partnership or other company, organization or association whose liability is limited by law, or a partnership, Owner is duly organized and shall continue in good standing under the laws of the state of organization and in any other state where Owner does business, and is authorized to execute the Note and this Mortgage.

2.) Owner lawfully owns and possesses the Vessel free from all liens and encumbrances whatsoever except as may hereinbelow is specified. Owner shall warrant and defend title to and possession of all and every part thereof for the benefit of the Mortgagee against all persons whomsoever. Owner shall not set up any claim of Owner against Mortgagee and/or assignee under any past of future transaction.

3.) Owner shall, at its expense, keep the Vessel fully and adequately insured under usual full marine insurance with policy valuation not less than the value of the Vessel, which after subtracting any deductible, must be equal to at least the unpaid principal balance of the Note. This insurance shall include protection from risks and liabilities reasonable specified by Mortgagee. All insurance shall be taken out in Owner's name, and shall be payable to Mortgagee for account of Owner and Mortgagee as their respective interests may appear, the amounts subject to Mortgagee's approval. Owner shall notify, and shall request insurers and their agents to agree to notify Mortgagee reasonable in advance of any cancellation or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with satisfactory evidence that all premiums and charges have been fully paid. Owner shall maintain all such insurance unimpaired during the life of the Mortgage. Mortgagee may at any time request proof from Owner that the insurance is in full force and effect. Failure by Owner to furnish such proof within 7 days of receiving a request for it shall constitute default.

4.) Owner shall comply with and not permit the Vessel to be operated contrary to any provision of the laws, treaties, conventions, rules, regulations or order of the United States, any State or any other jurisdiction where it is operated, nor remove the Vessel from the limits of the United States, save on voyages with the intent on returning and as permitted in writing by the Mortgagee, nor abandon the Vessel in any foreign port. Owner shall do everything necessary to establish and maintain this Mortgage as a First Preferred Mortgage on said Vessel. Owner shall operate this Vessel at all times with a recreational endorsement only and as a "recreational vessel" as defined in 476 U.S.C. subsection 30101(4)(a), and applicable liable regulations, except that the Vessel shall not be leased to or chartered by another.

5.) Each Owner agrees to be bound by the provisions of the Mortgage and Note as such provisions apply to it. Each Owner consents to being joined, if reasonably necessary for complete relief to be granted, in any enforcement action on the Note or Mortgage. Each owner acknowledges that the Mortgagee was loaning or disbursing funds on the condition that the Note was validly executed and secured by this Mortgage; provided nothing shall make any Owner who is not a Borrower liable for payments due under the Note.

6.) Borrowers, by executing this mortgage, by receiving money loaned under the Note, by having actual knowledge when executing the Note that the Mortgagee intended to secure it with a mortgage, or by having such knowledge at any time and not promptly notifying the mortgagee in writing by certified Mail that the Borrower did not consent to this mortgage, hereby agree to this mortgage and agree that each Borrower may be regarded as a co-maker of the Note, and may be joined as defendant in any action to foreclose this mortgage.

7.) Owner and Borrower give Mortgagee the right, upon default of any provision of the Note or of this mortgage, to repossess the Vessel wherever found and sell it; and if, after deducting from the proceeds of the sale all amounts due Mortgagee under the Note, including but not limited to costs and attorney's fees, and costs of cleaning, transporting, commissions, repairs, reconditioning, new equipment, storage and dockage fees, and all other costs determined by Mortgagee, in its sole discretion, to be in its interest to incur, thee is a deficiency, in that the proceeds are insufficient to pay Mortgagee all amounts due to it, Mortgagee may sue any or all parties liable on the Note, jointly and severally, for the deficiency in any appropriate state or federal court, and in the event of suit, recover costs and attorney's fees.

8.) Owner shall place and keep prominently in the pilot house (if any), chart room, navigation station, Master's Cabin or elsewhere on the Vessel as specified by the Mortgagee any notice of this mortgage required by Mortgagee, and shall keep a proper copy hereof with the ship's papers and exhibit the same to all persons having business with the Vessel, and to Mortgagee upon demand. Neither the Owner, Agent nor Master of the Vessel shall have the right, power or authority to create, incur or permit to be placed in imposed upon the Vessel, or any part thereof, any lien whatsoever, without Mortgagee's written permission, and that the Vessel may not be leased to nor chartered by any third party.

9.) Owner shall pay when due all taxes, assessments, license fees, and governmental charges, fines and penalties imposed upon the Vessel and promptly discharge any and all liens and claims upon the Vessel. Owner shall at all times keep the Vessel in good repair, appearance and working order.

10.) If the Vessel shall be libeled, attached, detained, seized, or levied upon, or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee, confirmed by letter sent by Certified Mail, and discharge or release, and recover the vessel within fifteen (15) days.

11.) Owner shall, at all reasonable times, afford the Mortgagee complete opportunity to inspect the Vessel and immediately upon request by the Mortgagee, Owner shall indicate the exact location of the Vessel. Owner shall promptly, and in any event, within 60 days pay all charges for repairs and other services to the Vessel, goods, supplies, wages, fuel, dockage, storage fees, or any other necessaries, not disrupted within 10 days in writing to the creditor, with a copy sent by certified Mail to Mortgagee. Owner shall promptly inform Mortgagee in writing wherever the total of such undisputed charges not paid within 60 days of the date billed exceeds $1,000.00. Owner shall also notify Mortgagee promptly of any accident in which the Vessel is involved, or of damage to the Vessel.

12.) Owner shall not, without prior written consent of Mortgagee, sell or mortgage the Vessel, or any interest therein, nor, if a corporation, merge or consolidate with any other person, firm or corporation, or dissolve.

13.) From time to time, Owner shall execute and deliver such other instruments and assurances as Mortgagee may require to perfect or continue this lien and enforce the terms of this mortgage or the Note, or sale of the Vessel by Mortgagee upon the occurrence of an Event of Default as defined hereunder.

**DEFAULT:**

1.) In any one or more of the following events, herein terms "Events of Default", via:

(a) Default of Indebtedness. If any payment due on the Note is not made when due.

(b) Other Defaults. Failure to comply with or to perform any term, obligation, covenant or condition in this Mortgage or the Note, or any other agreement with Mortgagee.

(c) Insolvency. The death of Owner, or the dissolution, merger, consolidation, or termination of Owner's existence as a going business, Owner's insolvency or inability to pay debts as they mature, the appointments of a receiver for Owner's property, any assignment for benefit of creditors, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Owner (except as creditor of a third party).

(d) Creditor of Forfeiture Proceedings. The entry of a judgement against the Owner, or the commencement of forfeiture or foreclosure proceedings, repossession, or any other act by any creditor of Owner or by any governmental agency, against the Vessel or any other collateral securing the indebtedness, including garnishment of any of Owner's deposit accounts with Mortgagee.

(e) Breach of Warranties. The breach of any of Owner's representations or warranties in this Mortgage or any other agreement With the Mortgagee.

(f) Deterioration of Vessel. Any deterioration or impairment of the Vessel, or any decline or depreciation in the value or market value of the Vessel, which causes the Vessel in the sole judgment of the Mortgagee to become unsatisfactory as to value. Mortgagee may, from time to time, require that the Vessel be appraised, and Owner shall do so promptly at Owner's expense, or Mortgagee itself may have the Vessel appraised, the Owner shall promptly pay or reimburse Mortgagee for the cost.

(g) Fraud or Misrepresentation. Owner commits fraud or makes a materials misrepresentation, or omits to disclose facts necessary to keep any representation made from being misleading, at any time in connection with this Mortgage or the Note.

(h) Acts of Borrower: Any of the preceding Events of Default occurs with respect to any Borrower.

(i) Location of Vessel. Failure or refusal by Owner or any other person in control of the Vessel to keep Mortgagee promptly informed of the exact place where the vessel is normally berthed, or its location if away for a period in excess of one month.

2.) In the event of an Event of Default, Mortgagee may:

(a) Accelerate and declare immediately due and payable all the unpaid principal, accrued interest, any late charges, and as permitted by applicable law, any other amounts due under the Note of this Mortgage, after which these amounts shall bear interest at the rate provided for in the Note. Any repossession of the Vessel by Mortgagee, or suit on the Mortgage or Note, or other action taken by Mortgagee authorized in (b) through (f) below, shall also constitute such a declaration by Mortgagee, even if no such declaration, or demand for payment, has been made previously to Owner or Borrower.

(b) Bring suit in federal or state court against the Vessel, Owner and/or any or all Borrowers, jointly and severally, and in such action, recover all costs in suit, including reasonable attorney's fees. Owner consents to the appointment of a substitute custodian selected by Mortgagee. Mortgagee may also obtain appointment of a receiver for the Vessel. Mortgagee may, at any time, dismiss any action and take possession of the Vessel and exercise all powers given under this Mortgage, including those given in section (d) below.

(c) Recover judgement for any amounts due and collect it out of any property of Owner and/or Borrower, provided that where Owner is not a Borrower, judgement shall not be against Owner personally, but only against the Vessel, _________ and/or Borrower.

(d) In addition to all other remedies provided, repossess the Vessel without legal process, or use state legal process to do so, including but not limited to, bringing an action in replevin or the equivalent, at any time, wherever the Vessel may be, and, without being responsible for loss or damage, hold, and in the Mortgagee's or in Owner's name, sell, lease, charter, operate, transfer, or otherwise use the Vessel for the time and upon the terms as Mortgagee deems advisable. Mortgagee may sell the Vessel free from any claim by Owner, and the sale may include all items on board the Vessel at the time it was retaken by Mortgagee or normally on board or removed by Owner. If Mortgagee elects, repossession and sale may take place under state law and this mortgage shall not be used to prevent election to use state law remedies. To the extent permitted by law, the sale may be public or private, without notice to Owner or Borrower, without having the Vessel present, and Mortgagee may be the purchaser and for payment may pay all or part of the indebtedness secured by the mortgage. Owner agrees that it will cooperate fully to permit peaceful repossession, and will disclose promptly the exact location of the Vessel to permit Mortgagee to obtain possession of it.

(e) If Mortgagee repossesses the Vessel, or proceeds in federal or state court under either the Note, or Mortgage or both or otherwise obtains the Vessel, it may make use of any trailer the Vessel is on. If the Owner, with no lien owns the trailer, the trailer shall be regarded as part of the vessel. If the trailer is owner by a third party, or is subject to a third party lien superior to this Mortgage, the trailer may be used by the Mortgagee for a reasonable time as needed t move the Vessel to place of Mortgagee's choice where the Vessel can be removed from the trailer. The trailer shall then be returned by Mortgagee, at Owner's expense, to the place where it was originally located.

(f) For purposes of dealing with the Vessel following any Event of Default, Mortgagee and it's agents are irrevocably appointed the true and lawful attorney's of record of Owner in Owner's name and stead for all purposes, including but not limited to selling the Vessel and doing all things (including execution of documents) necessary to the state.

3.) In the event of default, Owner and any other person on the Vessel shall immediately leave upon the oral or written request of the Mortgagee, and shall leave the Vessel in good, clean and neat condition. In the event that the Vessel is arrested or detained by any officer of any court, or by any other authority, Owner hereby authorizes Mortgagee, its agents and appointees, to receive or take possession of the Vessel, and to defend any action or discharge any lien. Any expense incurred by Mortgagee shall be added to the indebtedness secured by this Mortgage. If the Mortgagee pays any lien or claim, this shall be an Event of Default by the Owner, and Mortgagee may immediately enter on and use the Vessel as it sees fit, and this shall be regarded as a lawful repossession.

4.) Each and every power or remedy given to Mortgagee shall be cumulative, and in addition to all powers and remedies now or hereafter existing in admiralty, in equity, at law, or by statute, and may be excersized as often as deemed necessary by Mortgagee. No delay or omission of Mortgage shall impair any right, power, or remedy, and no waiver of any default shall waive any other default.

5.) The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the Vessel by Mortgagee, of any claim of the damages, of any judgement, and of any insurance proceeds received by the Mortgagee (except to the extent paid to the Owner or applied in payment or repairs or otherwise for Owner's benefit) (hereinafter "Proceeds") shall be applied as follows:

First: To the payment of all attorney's fees, court costs, and any other expenses, losses, charges or damages incurred or advances made by the Mortgagee in the protection of its rights or caused by Owner's default with interest, as permitted by applicable law, on these amounts at the same rate of interest as provided in the Note, and to provide adequate indemnity against any liens for which priority in this Mortgage I claimed.

Second: To the payment of all interest, to date of payment, on the Note and any and all other sums secured by this Mortgage, and to any balance of such Proceeds, to the payment next of all matured installments of principal and then of all unmatured installments or principal in the inverse order of their maturity. If, after deducting from the Proceeds the above amounts, there is a deficiency Mortgagee may collect the deficiency jointly and severally from any Borrower and in doing so may apply, without prior notice, any deposits or other assets of a Borrower to payment of the deficiency. If after making these deductions, there is a surplus, Owner is entitled to any surplus, subject to setoff in favor of Mortgagee for any indebtedness of Owner or any Borrower owed to Mortgage.

6.) All advances or expenditures which Mortgagee in its discretion make for repairs, insurance, payment of liens or other claims, defense of suits, or for any other purpose related to the Note or this Mortgage, and all damages sustained by Mortgagee because of a default, shall be repaid by Owner on demand or, at the Mortgagee's option, shall be added to the unpaid balance, of the Note and paid by Borrower. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall their making relieve Owner of any obligation or default related to the advances and expenditures.

**POSSESION UNTIL DEFAULT:**

Until one of more of the Events of Default hereinbefore described, Owner shall be permitted to retain actual possession and use of the Vessel.

# FIRST PREFERRED SHIP MORTGAGE

OTHER PROVISIONS:

1.)Time is of the essence in this agreement. There are not grace periods in this Mortgage. Mortgagee waives no rights by accepting late or partial payments, or delaying enforcing any of its rights hereunder. No charges, additions, or deletions in any terms shall be valid unless signed by an officer of the Mortgagee.

2.) Any provisions deemed invalid under any law; rule or regulation of any governmental agency shall not affect any other provision.

3.) This Mortgage is additional security given to Mortgagee as incentive to advance funds under the Note.

4.) If more than one party is identified as "Owner", the term shall mean "Owner and each of them", and "Borrower" shall mean "Borrower and each of them". If this Mortgage is signed by more than one party, each is jointly and severally obligated.

5.) If any party signing this Mortgage is a partnership (which includes a joint venture) this Mortgage shall be binding on the partnership and the obligations under this Mortgage shall remain in force and effect regardless of any changes in the individuals composing the partnership, and the term "Owner" shall include any altered or successor partnerships, and the predecessor partnerships and their partners shall not be released from any obligation or liability.

6.) Nothing shall be construed to impose any obligation on the Mortgage to extend, or continue to extend any credit at any future time.

7.) In the event this Mortgage is transferred or assigned by Mortgagee, all references herein to Mortgagee shall refer to such transferee (s) or assignee(s).

8.) As of the date written above Owner has executed this Mortgage under seal, or, if any Owner is a corporation or partnership or other entity, has caused this Mortgage to be executed in its name by a person authorized to do so.

Rostislav Babel
Managing Owner

Managing Co-Owner:

Managing Owner Signature

Managing Co-Owner Signature

Sole Member
Capacity:

Capacity:

INDIVIDUAL OR JOINT ACKNOWLEDMENT

State of Florida

County of Miami-Dade

On this 1st day of October, 2021 before me personally came and appeared:
**«Borrower» «Co_Borrower»**

to me known to be the individual(s) described in and who signed the Preferred Ship Mortgage above and he/she /they acknowledged it to be his/her/their free act and deed. In testimony whereof, I have hereunto set my hand and seal.

(seal)
Notary Public

NOTARY PUBLIC STATE OF FLORIDA
JASON GARCIA
Commission # HH 111010
Expires July 30, 2025
Bonded Thru Budget Notary Services