**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

AMERICAN COMMERCIAL BANK & TRUST, N.A.,

Plaintiff,

v.

MO' JACK, Hull Identification Number VHS42A3TF122, its engines, machinery, appurtenances, etc. (in rem); LUJO42 LLC, a Florida limited liability corporation; and ROSTISLAV BABEL, individually (in personam);

Defendants.

Civil Action No. 1:26-cv-00633

**CONSENT JUDGMENT OF FORECLOSURE OF FIRST PREFERRED SHIP MORTGAGE, ARREST, JUDICIAL SALE, AND RELATED RELIEF**

This matter comes before the Court on the parties' consent to foreclosure of a First Preferred Ship Mortgage encumbering the vessel MO' JACK, Hull Identification Number VHS42A3TF122, together with its engines, machinery, appurtenances, dinghies, and tenders (the "Vessel"). The Court being fully advised, and with the express consent of Plaintiff and Defendants, hereby **FINDS** and **ORDERS** as follows:

1. Caption and Jurisdictional Findings.

1.1 The Vessel is a 41.60 foot, 2022 HCB (Hydrasports Custom Boats) motor yacht documented with the U.S. Coast Guard as Primary Vessel Number 1320553.

1.2 The Vessel is presently located within this District at Spring Brook Marine Group, 623 W. River Drive, Seneca, Illinois 61360.

1.3 This is an admiralty and maritime matter within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; the Court has jurisdiction under 46 U.S.C. § 31325 and 28 U.S.C. §§ 1331, 1333, and 1367.

1.4 Plaintiff, American Commercial Bank & Trust, N.A. ("ACB&T"), holds a valid First Preferred Ship Mortgage dated September 30, 2021 encumbering the Vessel.

1.5 The parties' consent to the entry of this Consent Order of Foreclosure.

2. Findings of Default.

2.1 Defendant LUJO42 LLC executed a Business Loan Agreement (the "Loan Agreement") and Promissory Note (the "Note") on September 30, 2021 in the original principal amount of $975,000.

2.2 As security for the Loan and Note, LUJO42 LLC granted a Preferred Ship Mortgage on the Vessel to ACB&T on September 30, 2021 (the "Mortgage").

2.3 Defendant Rostislav Babel executed a Commercial Guaranty dated September 30, 2021, pursuant to which Rostislav Babel unconditionally guaranteed the full and prompt payment and performance of all obligations owed by LUJO42 LLC under the Business Loan Agreement, the Promissory Note, and the Preferred Ship Mortgage on the Vessel (the "Guaranty").

2.4 LUJO42 LLC failed to make required payments as of October 30, 2025, constituting an event of default, accelerating the indebtedness and entitling ACB&T to possession of the Vessel and enforcement of the Mortgage.

2.5 As of January 20, 2026, the amounts due and owing (exclusive of attorneys' fees, costs, and expenses) are: unpaid principal $542,090.82; interest $16,905.12; late fees $6,317.18; other fees (processing) $125.00; prepayment penalty $21,683.63; per diem interest $149.83 accruing after January 20, 2026.

2.6 ACB&T is entitled to enforce the preferred mortgage lien upon default.

2.7 ACB&T is entitled to an in personam judgment against Rostislav Babel for the full amount of the indebtedness, less the net proceeds realized from the judicial sale of the Vessel.

3. Arrest of the Vessel.

3.1 The United States Marshal for this District is authorized and directed to arrest the Vessel, MO' JACK, Hull Identification Number VHS42A3TF122, wherever found within the District, and to detain the Vessel pending further order.

3.2 Plaintiff is authorized to arrange for a substitute custodian and shall advance custodian's reasonable legal expenses, subject to later allowance and reimbursement as provided herein.

4. Authorization of Judicial Sale.

4.1 The United States Marshal is authorized to sell the Vessel, together with her engines, machinery, appurtenances, tackle, equipment, dinghies, and tenders, at public auction free and clear of all liens and encumbrances, with all such liens and encumbrances to attach to the proceeds in their respective priorities, pending further order of the Court.

Method and Logistics of Sale:

(a) The sale shall be conducted by the United States Marshal by public auction using a method and at a location, date, and time to be determined.

(b) Notice of sale shall be published once a week for two consecutive weeks prior to the sale in a newspaper of general circulation in this District.

(c) The terms of sale shall be determined by the United States Marshal in accordance with all applicable laws.

4.2 Credit Bid: ACB&T is permitted to credit bid up to the full amount of its judgment debt, accrued interest, fees, and costs, without cash deposit.

4.3 Confirmation: The sale shall be subject to confirmation by the Court upon motion and report by the United States Marshal.

5. <u>Distribution of Sale Proceeds</u>.

5.1 The proceeds of sale shall be distributed upon confirmation as follows:

(a) First, to the United States Marshal for all fees and expenses of arrest and sale;

(b) Second, to custodia legis expenses approved by the Court, including substitute custodian and necessary preservation expenses;

(c) Third, to ACB&T on account of the mortgage debt, including principal, accrued interest, late fees, prepayment penalty, other fees, per diem interest, and reasonable attorneys' fees and costs as allowed by the Court; and

(d) Any remaining funds shall be deposited into the registry of the Court pending further order regarding entitlement and priority.

6. <u>Deficiency Liability of Guarantor</u>.

6.1 ACB&T is awarded a judgment against Rostislav Babel in the amount of $587,121.75, plus additional interest, costs, penalties, attorneys' fees, and other fees as provided in the Note, Mortgage, and Guaranty, subject to offset against net sale proceeds as set forth above in Section 5.1.

6.2 Personal jurisdiction over LUJO42 LLC and Rostislav Babel for deficiency purposes is acknowledged by their participation and consent reflected herein.

6.3 The Court retains jurisdiction to determine the amount of the judgment following confirmation of the sale and to enter a supplemental judgment setting forth the exact amount owed by Rostislav Babel.

7. <u>Release to Buyer; Documentation</u>.

7.1 Upon confirmation of sale and receipt of the purchase price, the United States Marshal shall execute and deliver a Marshal's bill of sale to the purchaser.

7.2 The purchaser shall take title to the Vessel free and clear of all liens and encumbrances, which are transferred to the proceeds as provided above.

7.3 The National Vessel Documentation Center is directed to record the transfer of title to the purchaser upon presentation of the Marshal's bill of sale and this Order.

8. Retention of Jurisdiction.

8.1 The Court retains jurisdiction to: approve and confirm the sale; resolve claims against and priorities to sale proceeds; determine and award custodia legis expenses; award reasonable attorneys' fees and costs to ACB&T as permitted under the Loan Documents; and enter deficiency judgments, if any.

9. Additional Provisions.

9.1 Venue is proper in this District because the Vessel is located herein and because a substantial part of the events or omissions giving rise to the claim occurred here.

9.2 The Clerk is directed to issue all writs and process necessary to effectuate arrest and sale as set forth in this Order.

9.3 This Consent Order is entered with the consent of the parties and resolves the in rem foreclosure relief sought, with further relief reserved as stated herein.

9.4 The undersigned hereby consent to the jurisdiction of this Court and to the entry of this Consent Judgment of Foreclosure of First Preferred Ship Mortgage, Arrest, Judicial Sale, and Other Relief:

**AGREED AND STIPULATED:**

Dated: February 26, 2026.

Signed by:
X ______________________
F536AD83206E416...
**AMERICAN COMMERCIAL BANK & TRUST, N.A.**

**BY: MR. JAMES BOLMAN,**
**TITLE: PARTNER**

X ______________________
**LUJO42 LLC**

**BY: MR. ROSTISLAV BABEL**
**TITLE: MEMBER MANAGER**

X ______________________
**MR. ROSTISLAV BABEL, INDIVIDUALLY**



85619575;1

**SO ORDERED:**

March 27, 2026

ENTER:

Manish S. Shah, U.S. District Judge

Counsel for Plaintiff:
Riccardo A. DiMonte
ARDC# 6191706
Dominic G. Erbacci
ARDC# 6329651
Robbins DiMonte
216 W. Higgins Road
Park Ridge, Illinois 60068
(847) 698-9600
rdimonte@robbinsdimonte.com
derbacci@robbinsdimonte.com

Counsel for Defendant:
Thomas B. Fullerton
ARDC# 6296539
Akerman LLP
71 South Waker Drive, 47th Floor
Chicago, IL 60606
(312) 634-5726
thomas.fullerton@akerman.com

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN COMMERCIAL BANK & TRUST, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>MO' JACK, Hull Identification Number VHS42A3TF122, its engines, machinery, appurtenances, etc. (in rem); LUJO42 LLC, a Florida limited liability corporation; and ROSTISLAV BABEL, individually (in personam);<br><br>Defendants. | ) | Civil Action No. 1:26-cv-00633 |

**STIPULATION FOR CONSENT FORECLOSURE**

Plaintiff, American Commercial Bank & Trust, N.A. ("Lender" or "Plaintiff"), and Defendants LUJO42 LLC ("Borrower") and Rostislav Babel ("Guarantor") (sometimes collectively referred to as the "Defendants"), by and through their respective undersigned counsel and authorized representatives, hereby stipulate and agree as follows:

1. Jurisdiction, Venue, and Parties.

1.1 The parties stipulate that this is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Verified Complaint alleges admiralty jurisdiction and states the Vessel is located within this District. Plaintiff filed this action in the United States District Court for the Northern District of Illinois, Eastern Division, under Case No. 1:26-cv-00633.

1.2 The parties stipulate that venue is proper in this District. The Verified Complaint alleges that the Vessel is currently located at 623 W. River Dr., Seneca, Illinois 61360, within this Court's jurisdiction.

1.3 The parties are as captioned above, and the Vessel subject to these proceedings is the MO' JACK, Hull Identification Number VHS42A3TF122; Primary Vessel Number 1320553, including her engines, machinery, appurtenances, dinghies, and tenders (the "Vessel"). The Vessel is a 41.60-foot, 2022 HCB motor yacht documented with the U.S. Coast Guard.

2. Loan Documents; Mortgage; Default.

2.1 The parties stipulate and agree to the existence and authenticity of the loan documents described in the pleadings: a Business Loan Agreement and Promissory Note dated September 30, 2021, executed by LUJO42 LLC in favor of Plaintiff ; a Preferred Ship Mortgage on the Vessel granted to Plaintiff dated September 30, 2021; and a Commercial Guaranty executed by Rostislav Babel dated September 30, 2021.

2.2 The parties stipulate that Borrower is in default under the Loan Documents. The Verified Complaint alleges Borrower's failure to make the required payments as of December 1, 2025, constituting an event of default and acceleration of all indebtedness, with Plaintiff entitled to possession of the Vessel.

2.3 Amounts Owed: The parties stipulate that, as of January 20, 2026, the following amounts are due and owing to Plaintiff, exclusive of attorneys' fees, costs, expenses, and additional per diem interest: Unpaid principal $542,090.82; Interest $16,905.12; Late Fees $6,317.18; Processing Fee $125.00; Prepayment Penalty $21,683.63; Total $587,121.75; Per Diem Interest $149.83 (calculated through January 20, 2026).

3. Consent to Foreclosure; Arrest; Sale.

3.1 In the event of a material default under the terms of the Forbearance Agreement among the parties hereto and of even date herewith (the "Forbearance Agreement"), Defendants consent to entry of an order of foreclosure of the First Preferred Ship Mortgage, arrest of the Vessel (or acknowledgment of arrest if already under arrest), and judicial sale of the Vessel free and clear of all liens, with all liens transferring to the sale proceeds.

3.2 The parties stipulate that the consent foreclosure order to be submitted shall be structured consistently with standard admiralty practice, including findings of mortgage, default, authorization for arrest if not already effected, sale procedures, credit bidding, distribution priorities, deficiency reservation if applicable, buyer's title free and clear, and retention of jurisdiction, as outlined in the consent foreclosure and judicial sale order framework agreed by the parties. The outline for consent foreclosure and judicial sale order identifies these standard elements for federal admiralty ship mortgage foreclosures.

3.3 Marshal Arrest and Custody. The parties' consent to the issuance of an order authorizing the United States Marshal to arrest the Vessel and to appoint a substitute custodian as appropriate, with Plaintiff to advance custodia legis expenses, subject to later reimbursement from the sale proceeds.

4. Sale Procedures and Credit Bid.

4.1 The parties consent to an interlocutory or final judicial sale of the Vessel by the United States Marshal at public auction, by such method and platform as the Court approves, after required publication.

4.2 Notice of Sale. The parties' consent to publication of the Notice of Sale in a manner and for such period as the Court directs (*e.g.*, once a week for two consecutive weeks), with the sale to occur on a date, at a time, and at a location or online platform to be approved by the Court in the consent order.

4.3 Credit Bid. Plaintiff may credit bid up to the full amount of its adjudicated mortgage indebtedness, interest, fees, and allowed costs without cash deposit at the Marshal's sale.

4.4 Free and Clear Title. The parties consent to entry of an order that the sale shall be free and clear of all liens and encumbrances, with all such interests attaching to the proceeds in the priorities determined by the Court.

5. Distribution of Proceeds.

5.1 The parties consent to distribution of the sale proceeds as follows, subject to further order of the Court:

(a) First, to the United States Marshal for fees and expenses of arrest, custody, and sale;
(b) Second, to approved custodia legis expenses, including substitute custodian charges and necessary preservation and insurance costs;
(c) Third, to Plaintiff in satisfaction of its mortgage indebtedness, including principal, accrued interest, late fees, prepayment penalties (if applicable), reasonable attorneys' fees, costs of suit, and other amounts adjudicated due; and
(d) Any remaining balance to be held in the Court's registry pending further order.

6. Deficiency.

6.1 The parties agree that the Forbearance Agreement contemplates consent foreclosure documents and addresses Rostislav Babel's personal exposure upon any default, with Defendants' agreement to accept.

6.2 The parties agree that Lender is entitled to an in personam judgment against Rostislav Babel for the full amount of the indebtedness, less the net proceeds realized from the judicial sale of the Vessel, plus additional interest, costs, penalties, reasonable attorneys' fees, and other fees as provided in the Note, Mortgage, and Guaranty.

6.3 Rostislav Babel consents to the entry of an interlocutory and/or final judgment entered against him personally for the full amount of the indebtedness, less the net proceeds realized from the judicial sale of the Vessel, plus additional interest, costs, penalties, reasonable attorneys' fees, and other fees as provided in the Note, Mortgage, and Guaranty.

7. Confirmation; Buyer's Title; Documentation.

7.1 Upon the Marshal's report of sale, the parties consent to prompt confirmation of sale by the Court, issuance of the Marshal's Bill of Sale to the successful purchaser, adjudication that the buyer acquires title free and clear of all liens and encumbrances, and direction to the National Vessel Documentation Center to record the transfer.

8. Attorneys' Fees and Costs.

8.1 The parties stipulate that the Loan Documents obligate Borrower and/or Guarantor to pay Plaintiff's reasonable attorneys' fees, legal expenses, and court costs, which shall be included in the amounts adjudicated due and payable from the sale proceeds and/or in any deficiency. The Note obligates Borrower to pay Plaintiff's attorneys' fees, legal expenses, and court costs. The Guaranty obligates Guarantor to pay reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in enforcement.

9. Preservation; Insurance; Access.

9.1 Defendants shall cooperate in good faith to facilitate arrest, preservation, and inspection of the Vessel, and to provide access, keys, records, and information reasonably necessary to effect the arrest, custody, marketing, and sale.

9.2 Defendants shall maintain or deliver to Plaintiff evidence of current insurance coverage on the Vessel through the time of arrest, to the extent in effect, and shall not impair the condition of the Vessel or its equipment.

10. Retention of Jurisdiction.

10.1 The parties' consent to the Court's retention of jurisdiction to enforce this Stipulation, to enter the consent foreclosure and judicial sale order, to approve the Marshal's sale and distribution, to resolve custodia legis and priority disputes, and to determine and enter any deficiency, if applicable.

11. No Admission; Entire Agreement as to Stipulated Relief.

11.1 This Stipulation is made to expedite judicial foreclosure and sale and avoid further contested proceedings; it does not constitute an admission by any party of any matter not expressly stipulated herein.

11.2 This Stipulation, together with the consent foreclosure order to be submitted, embodies the parties' agreement concerning the foreclosure, arrest, sale, and distribution relief to be requested of the Court, without limiting any rights preserved herein or by further order.

12. Proposed Consent Order.

12.1 Concurrently with this Stipulation, the parties shall execute a proposed Consent Judgment of Foreclosure of First Preferred Ship Mortgage, Arrest, Judicial Sale, and Other Relief, which is expressly incorporated herein as **Exhibit 1**, and is consistent in all respects with the terms above and the customary elements identified in Section 3.2 of this Stipulation.

13. <u>Signatures; Authority</u>.

13.1 Each signatory represents and warrants that he or she has full authority to execute this Stipulation on behalf of the party for whom he or she signs.

13.2 This Stipulation may be executed in counterparts, each of which shall be deemed an original; electronic signatures and PDF copies shall be effective as originals.

AGREED AND STIPULATED:

Dated: February 26, 2026.

Signed by:

X______________________________

F536AD83206E416...

**AMERICAN COMMERCIAL BANK & TRUST, N.A.**

**BY: MR. JAMES BOLMAN,**
**TITLE: PARTNER**

X______________________________

**LUJO42 LLC**

**BY: MR. ROSTISLAV BABEL**
**TITLE: MEMBER MANAGER**

X______________________________

**MR. ROSTISLAV BABEL, INDIVIDUALLY**



85619359;1

**FORBEARANCE AGREEMENT**

This Forbearance Agreement is entered into effective this 26th day of February, 2026 by and between American Commercial Bank & Trust, N.A. (the "Lender") and LUJO42 LLC (the "Borrower"); and Rostislav Babel (the "Guarantor"),

WHEREAS, Lender and Borrower entered into certain agreements, under the terms of which Lender advanced certain funds to Borrower for use in connection with the vessel MO' JACK (Hull Identification Number VHS42A3TF122; Primary Vessel Number 1320553), its engines, machinery, appurtenances, dinghies, and tenders, etc. The vessel MO' JACK is a 41.60 foot, 2022 HCB (Hydrasports Custom Boats) motor yacht, and is a documented vessel with the U.S. Coast Guard (the "Vessel"),

WHEREAS, in furtherance of the aforesaid agreements, the Borrower and Guarantor signed and delivered to Lender a Promissory Note ("Note"), First Preferred Ship Mortgage ("Mortgage"), and Commercial Guaranty ("Guaranty") which are attached hereto and incorporated herein by reference as **Group Exhibit A** (each of the documents identified above sometimes hereinafter collectively referred to as the "Loan Documents"),

WHEREAS, the Borrower and Guarantor are in default of their obligations owed to Lender under the Loan Documents, and on January 20, 2026, the Lender filed a Verified Complaint to Foreclose Ship Mortgage (In Rem), and Enforcement of Security Interest and Debt (In Personam) in the United Stated District Court for the Northern District of Illinois, Eastern Division, captioned American Commercial Bank & Trust, N.A. v. MO' JACK, Hull Identification Number VHS42A3TF122, its engines, machinery, appurtenances, etc. (in rem); Lujo42 LLC, a Florida limited liability corporation; and Rostislav Babel, individually (in personam); Case No. 1:26-cv-00633 (the "Pending Litigation"), and

WHEREAS, the parties hereto hereby agree that as of January 20, 2026, there is due and owing Lender from Borrower and Guarantor the following amounts:

| **Amounts Due and Owing** | |
|---|---|
| Unpaid principal: | $542,090.82 |
| Interest: | $16,905.12 |
| Late Fees: | $6,317.18 |
| Other Fees (Processing Fee): | $125.00 |
| Prepayment Penalty (4%): | $21,683.63 |
| **Total:**<br>(excluding attorneys' fees, costs, and expenses) | **$587,121.75** |
| Per Diem: | $149.83 |
| Calculated through: | January 20, 2026 |

which said amounts came due in accordance with the terms and conditions of the aforesaid Note and Mortgage and related Loan Documents as of January 20, 2026, and continue to accrue per diem interest, plus attorneys' fees, costs, and expenses.

WHEREAS Borrower and Guarantor have requested that Lender temporarily forbear from pursuing entry of a judgment in the Pending Litigation to allow Borrower and Guarantor additional time within which to attempt to cure the deficiencies currently due for interest, principal, late fees, attorneys' fees and costs so incurred by Lender, and Lender has agreed to forbear pursuing its rights temporarily up to and including February 28, 2026, in accordance with the terms and conditions of this agreement and the full performance by Borrower and Guarantor of each and every condition as set forth hereinafter,

NOW THEREFORE, in consideration of the foregoing recitals and such other and further consideration, the mutual receipt and sufficiency of which is hereby acknowledged by all parties, it is agreed as follows:

1. The recitals set forth above are incorporated herein by reference.

2. The Borrower and Guarantor shall contemporaneously with the execution and

delivery of this Forbearance Agreement execute and provide the Lender a copy of the (i) Stipulation for Consent Foreclosure; and (ii) Consent Judgment of Foreclosure of First Preferred Ship Mortgage, Arrest, Judicial Sale, and Related Relief, which documents are incorporated herein and attached hereto as **Exhibits B and C** respectively for submission in the event of a default of this forbearance agreement.

3. Borrower and Guarantor shall provide the Lender up front cash payments of **$185,580.07** as outlined below on or before February 27, 2026:

A. Borrower and Guarantor will pay past due principal loan payments:

| **Past Due Principal:** | |
|---|---|
| October 2025 annual payment: | $75,000.00 |
| Nov. 2025, Dec. 2025, & Jan. 2026 monthly payments: | $23,162.19 |
| **Total:** | **$98,162.19** |

B. Borrower and Guarantor will pay the following interest and fees:

| **Interest and Fees:** | |
|---|---|
| Accrued Interest (calculated through 2/17/2026): | $21,100.30 |
| Attorneys' Fees (calculated through 2/17/2026): | $9,359.00 |
| Late Fees (calculated through 1/20/2026): | $6,317.18 |
| Costs (calculated through 2/17/2026): | $641.40 |
| **Total:** | **$37,417.88** |

C. Borrower and Guarantor will pay the following Reserve Sums *:

| Agreed Upon Reserve Sums: | |
|---|---|
| A sum equal to three monthly payments: | $23,162.19 |
| An additional agreed upon sum: | $26,837.81 |
| **Total:** | **$50,000.00** |

* The Lender will return the Reserve Sums to the Borrower and Guarantor upon full and complete satisfaction of the loan. The Lender will not apply any portion of these sums toward any required annual or monthly payment. If a judgment is entered upon any future default, the Lender will be entitled to keep these funds and shall credit them against the total amount then owed.

4. Upon receipt of the cash payment of **$185,580.07** due, the Lender will execute this Forbearance Agreement effective through the Borrower's and Guarantor's full performance under the Loan Documents, or a material breach of any term in this Forbearance Agreement or the Loan Documents, whichever occurs first.

5. Borrower and Guarantor will be required to make the following payments to the Lender: (i) 31 monthly consecutive payments of $7,720.73 each, beginning February 28, 2026, with interest calculated on the unpaid principal balances using a rate of 4.950%; (ii) one principal payment of $75,000.00 on October 30, 2026, during which time interest continued to accrue on the unpaid principal balances at 4.950%; (iii) one principal payment of $75,000.00 on October 30, 2027, during which time interest continued to accrue on the unpaid principal balances at 4.950%; and (iv) one principal payment of $81,080.39 on September 30, 2028, during which time interest continued to accrue on the unpaid principal balances at 4.950%.

6. The Borrower and Guarantor acknowledge the Lender's valid preferred ship mortgage lien on the Vessel.

7. The Borrower and Guarantor shall, within ten (10) days after filing, furnish to the Lender current personal and corporate financial statements and copies of their personal and state federal income tax returns for 2025 prepared by their accountant. Upon the completion of the tax

returns for 2026, the Borrower and Guarantor shall forward copies of their personal and corporate financial statement and 2026 state and federal tax returns to the Lender.

8. Provided the Borrower and Guarantor timely comply with all of the payments as set forth above, the Lender agrees, and the Borrower and Guarantor each hereby specifically agree, that there is no obligation of Lender to extend or renew the Loan Documents, or to provide any financial accommodations or additional forbearance of any kind or nature whatsoever.

9. Throughout the term of this Forbearance Agreement, Borrower and Guarantor hereby agree to maintain fully paid for Property Hazard Insurance and General Liability Coverage and such other insurance as required under the Loan Documents, and further, the Borrower and Guarantor shall maintain the Vessel in good condition and repair and shall not allow any other default as defined in the Loan Documents to occur.

10. Provided the Borrower and Guarantor comply with the above obligations, the Lender agrees to forbear from obtaining a judgment in the Pending Litigation or from filing other litigation to collect upon the above-mentioned debts.

11. The Borrower and Guarantor hereby stipulate and agree that the Borrower and Guarantor are in default of the terms and conditions as set forth in the Loan Documents, that the Lender had the right to bring the Pending Litigation to enforce the obligations under said Loan Documents and to foreclose upon the Vessel, and that as of January 20, 2026, there was currently due and owing to the Lender thereon the amounts as set forth above.

12. The Borrower and Guarantor hereby further stipulate and agree that in the event the Borrower and/or Guarantor breach any of their obligations hereunder or under the Loan Documents, that Lender shall, following notice and motion, be entitled to entry of a consent judgment in the Pending Litigation, pursuant to the Stipulation for Consent Foreclosure and

Consent Judgment of Foreclosure of First Preferred Ship Mortgage, Arrest, Judicial Sale, and Related Relief, copies of which are attached hereto as **Exhibits B and C**, for all amounts due as set forth above, together with additional interest and default interest, late charges, reimbursement for any payouts, and court costs and attorneys' fees relative to the Pending Litigation, less a credit for any amounts paid by the Borrower and Guarantor hereunder solely as determined by the Lender and the other relief specified therein.

13. The Borrower and Guarantor expressly agree to accept liability for a deficiency if a deficiency results from the Lender's sale of the Vessel after consent foreclosure.

14. For and in consideration of the Lender's agreement to temporarily forbear exercising its rights against the Vessel, the Borrower and Guarantor hereby fully for themselves, their successors, heirs, assigns, executors and administrators, **RELEASE** and forever discharge the Lender and its successors of and from all claims, demands, actions, causes of actions, debts, bills, accounts, covenants, contracts, controversies, agreements, promises, trespasses, damages, judgments, and executions of every kind and nature whatsoever, which the Borrower and/or Guarantor now have or may have against the Lender, or ever had against the Lender, specifically including but not limited to any matters which the Borrower and/or Guarantor or their successors, assigns, heirs, executors, or administrators can, shall, or may have, for, upon, or by reason of any matter, demand, or claim arising directly or indirectly from the Loan Documents or which could be raised whether by way of set-off, affirmative defense or counter complaint between them and the Lender in any litigation to enforce Lender's rights under said Loan Documents or under this agreement.

15. The parties hereby agree that pursuant to all applicable federal law and laws of the State of Illinois, this Forbearance Agreement shall be construed as a consent foreclosure.

16. This Forbearance Agreement shall be deemed to have been executed and delivered within the State of Illinois, and the parties hereto agree that as the Vessel is currently located within the State of Illinois.

17. This Forbearance Agreement shall in all respects be interpreted, enforced, and governed by the laws of the State of Illinois.

18. This Forbearance Agreement constitutes the complete understanding among the parties. No other promises or agreements, either expressed or implied, shall be binding unless signed in writing by all parties hereto.

19. This Forbearance Agreement shall inure to the benefit of and may be enforced by or against the parties to the Forbearance Agreement. This Forbearance Agreement may not be amended, in whole or in part, except in writing signed by the parties hereto.

20. The representations and warranties and covenants contained herein or ratified and affirmed herein shall survive the execution and delivery hereof and shall remain in full force and effect until a claim based thereon is barred by applicable statutes of limitations.

21. The Borrower and Guarantor shall contemporaneously with the execution and delivery of this Forbearance agreement, execute and deliver to the Lender the Order of Dismissal Without Prejudice incorporated herein and attached hereto as **Exhibit D**.

22. The Borrower and Guarantor agree to take such further action and to execute and deliver such additional documents as the Lender may now or hereafter reasonably require to effectuate the terms and conditions of this Forbearance Agreement and the Consent Judgment of Foreclosure of First Preferred Ship Mortgage, Arrest, Judicial Sale, and Related Relief.

23. Time is of the essence.

24. Other than as modified herein, the Loan Documents shall remain in full force and

effect.

25. If any of the provisions of this Forbearance Agreement shall be judicially determined to be unenforceable or invalid, the remainder of this Forbearance Agreement shall be unaffected to the greatest extent possible.

In witness whereof, the parties have caused this Forbearance Agreement to be signed effective the date as first set forth above.

Plaintiff-mortgagee:
American Commercial Bank & Trust, N.A.

Signed by:
By:______________________________
F536AD83206E416...
James Bolman, Partner, Commercial Banking

Defendant-mortgagor:
LUJO42 LLC

By:______________________________

Guarantor:
ROSTISLAV BABEL

By:______________________________

Prepared by:
Riccardo A. DiMonte (rdimonte@dimontelaw.com); Robbins DiMonte, 216 W. Higgins Rd, Park Ridge, IL 60068; Tel.: 847-698-9600